UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEAN GUILLORY                                                                CIVIL ACTION

VS.                                                                                        NO. 2:19-CV-10368

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## COMPLAINT

The Complaint of Jean Guillory respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Jean Guillory**, of lawful age and a resident of Houma, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Parish Management Consultants, LLC and an insured participant of a group disability policy issued by The Lincoln National Life Insurance Company.

4. **Defendant, The Lincoln National Life Insurance Company ("Lincoln")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, Lincoln is incorporated in Fort Wayne, Indiana, and its principal place of business is in the state of Indiana.

5. Lincoln issued a group policy insuring the employees of Parish Management Consultants, LLC. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

8. Plaintiff is disabled under the terms of the disability policy issued by Lincoln.

9. Lincoln unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

10. Plaintiff appealed the denial, but Lincoln upheld its previous decision.

11. Lincoln's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

12. Plaintiff has exhausted his administrative remedies and now files this suit to reverse Lincoln's denial of benefits.

13. Lincoln has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

14. Lincoln has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation.

15. Lincoln administered Plaintiff's claim with an inherent and structural conflict of interest as Lincoln is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Lincoln's assets.

16. Lincoln has failed to give the policy and Plan a uniform construction and interpretation.

17. Lincoln chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

18. As a routine business practice, Lincoln uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

19. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

20. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

21. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to his under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com