**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JEAN GUILLORY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **2:19-CV-10368** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT** comes defendant, The Lincoln National Life Insurance Company ("Lincoln"), by and through its undersigned counsel of record, and hereby answers Plaintiff's Complaint as follows:

1. Lincoln admits that plaintiff Jean Guillory ("Plaintiff") asserts a claim under ERISA for long term disability benefits. Lincoln denies that Plaintiff is entitled to the relief requested or the benefits sought.

2. Upon information and belief, Lincoln admits that this Court possesses jurisdiction and that venue is proper.

3. Upon information and belief, Lincoln admits that Plaintiff is an employee of Parish Management Consultants, LLC. Lincoln further admits that it issued a group long term disability insurance policy (the "Policy") to Parish

Management Consultants, LLC to fund, in part, a plan governed by ERISA. Lincoln states that the Policy speaks for itself. Lincoln is without sufficient information to admit or deny the remaining allegations of paragraph 3 and, therefore, denies them.

4. Lincoln admits that it is a foreign corporation authorized to do business in Louisiana. Lincoln states that it is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in Radnor, Pennsylvania. Lincoln denies the remaining allegations of paragraph 4.

5. Lincoln admits that it issued the Policy. Lincoln states that the Policy speaks for itself.

6. Lincoln states that federal law speaks for itself. Lincoln denies all allegations of the complaint to the extent that they contradict or mischaracterize federal law.

7. Lincoln is without sufficient information to admit or deny the allegations of paragraph 7 and, therefore, denies them. Lincoln states that Plaintiff's medical records speak for themselves. Lincoln specifically denies that Plaintiff is disabled as defined under the Policy.

8. Lincoln denies the allegations of paragraph 8.

9. Lincoln admits that it denied Plaintiff's claim for benefits. Lincoln denies the remaining allegations of paragraph 9.

10. Lincoln admits that Plaintiff appealed the denial of his claim and that Lincoln upheld its denial. Lincoln states its claims decision was proper based on the terms of the Policy. Lincoln further states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 10 to the extent they contradict or mischaracterize the claim file.

11. Lincoln denies the allegations of paragraph 11.

12. Plaintiff's administrative record speaks for itself. Lincoln denies that Plaintiff is entitled to the requested relief.

13. Lincoln denies the allegations of paragraph 13.

14. Lincoln denies the allegations of paragraph 14.

15. Lincoln admits that it administers claims and pays benefits. Lincoln denies the remaining allegations of paragraph 15.

16. Lincoln denies the allegations of paragraph 16.

17. Lincoln denies the allegations of paragraph 17.

18. Lincoln denies the allegations of paragraph 18.

19. Lincoln admits that it denied Plaintiff's claim for continuing benefits. Lincoln denies the remaining allegations of paragraph 19.

20. Lincoln denies that Plaintiff is entitled to the requested relief.

21. Lincoln denies that Plaintiff is entitled to the requested relief.

To the extent that there are allegations against Lincoln contained in the paragraph entitled “wherefore,” including subparts (1) through (4), Lincoln denies that Plaintiff is entitled to the requested relief or any other legal or equitable remedy of any kind.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff’s Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff’s claims are barred by the terms of the Policy.

### THIRD DEFENSE

The terms and conditions of the Policy speak for themselves, are plain and unambiguous, and must be afforded their proper contractual language interpretation. Plaintiff is bound by the terms and conditions of the Policy.

### FOURTH DEFENSE

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, exclusions and offset provisions as provided for in the Policy.

### FIFTH DEFENSE

This action is barred because Plaintiff has not been damaged by any conduct of Lincoln.

## SIXTH DEFENSE

Lincoln’s conduct at all times material hereto was reasonable and in good faith.

## SEVENTH DEFENSE

Plaintiff’s claims are barred because the claim determination was correct and was not arbitrary and capricious.

## EIGHTH DEFENSE

Lincoln reserves the right to assert additional defenses as discovery progresses in this case.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant prays that this Court dismiss the *Complaint* filed by Plaintiff and grant any just relief to which Defendant may be entitled.

*/s/ Avery A. Simmons*
Avery A. Simmons (Louisiana Bar Roll No. 32942)
BRADLEY ARANT BOULT CUMMINGS LLP
Hearst Tower
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
704.338.6000 (phone)
704.332.8858 (facsimile)
asimmons@bradley.com
*Attorney for The Lincoln National Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2019, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
Willeford & Toledano
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com

/s/ *Avery A. Simmons*
OF COUNSEL